OPINION
{¶ 1} On January 7, 2000, appellant, Ohio Motor Vehicles Dealers Board, issued a notice of opportunity for hearing to appellee, Yellow Cab Leasing, Inc., outlining violations pursuant to R.C. 4517.03(D) and Ohio Adm. Code 4501:1-3-03 and 4501:1-3-32 for April 27, 1999, June 4 and 22, 1999, July 15 and 27, 1999 and October 13, 1999. On February 2, 2000, appellee requested a hearing. A hearing was scheduled for February 16, 2000, but was continued by appellant.
 {¶ 2} On June 8, 2001, appellant filed an amended notice of opportunity for hearing. This notice contained the dates of the original notice and additional violations for May 7, 2001. A hearing was held on August 9, 2001. By order dated August 23, 2001, appellant found appellee committed the violations, and revoked appellee's dealer's license.
 {¶ 3} Appellee filed a notice of appeal with the Court of Common Pleas of Stark County. By judgment entry filed March 5, 2002, the trial court found appellant's revocation of appellee's license was not in accordance with law. Specifically, the trial court found appellant breached its duty by continuing "the hearing beyond a reasonable period of time and without regard to the rights and interests of Yellow Cab."
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 5} "A DELAY IN THE HEARING PROCESS DOES NOT VIOLATE DUE PROCESS REQUIREMENTS UNLESS THE DELAY IS BOTH EXTREME AND PREJUDICIAL."
II
 {¶ 6} "THE ORDER OF THE MOTOR VEHICLE DEALERS BOARD IS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIVE EVIDENCE AND IS IN ACCORDANCE WITH THE LAW."
 I, II {¶ 7} Appellant claims the trial court erred in concluding that a five hundred sixty-two day delay in the hearing process was extreme and prejudicial, and the trial court should have found appellant's order was supported by reliable, probative and substantive evidence. We disagree.
 {¶ 8} This appeal is brought pursuant to R.C. 119.12. The appropriate standard of review is as follows:
 {¶ 9} "In an administrative appeal under R.C. 119.12, a trial court must determine whether the decision of the administrative board is supported by reliable, probative and substantial evidence. * * * The trial court must give due deference to the administrative resolution of evidentiary conflicts and must not substitute its judgment for that of the administrative board or agency. * * * Appellate review is limited to determining whether the trial court abused its discretion in finding the board's decision supported by reliable, probative and substantial evidence. * * * Issues of law are reviewed de novo. * * *" Sohi v. Ohio State Dental Board (1998), 130 Ohio App.3d 414, 421. (Footnotes omitted.)
 {¶ 10} The trial court did not address the matter of the violations, but found as a matter of law "the Board breached its duty. The hearing scheduled took place over 562 days after Yellow Cab requested a hearing. The Board clearly continued the hearing beyond a reasonable period of time and without regard to the rights and interests of Yellow Cab." The trial court concluded the order was contrary to law and vacated said order.
 {¶ 11} Because the trial court's decision was based on a question of law, we will review the issue under the standard of de novo review.
 {¶ 12} It is not disputed by the parties that five hundred sixty-two days lapsed from the initial notice of January 7, 2000. Appellee requested a hearing on February 2, 2000 and was noticed of a hearing to be held on February 16, 2000. Appellant continued the hearing to "when an agenda has been set." See, Exhibit 4, attached to August 9, 2001 Hearing Transcript. From the record, no other action took place until an amended notice was sent on June 8, 2001. See, Exhibit 5. A hearing was eventually held on August 9, 2001.
 {¶ 13} With these dates in mind, the question before us is whether a five hundred sixty-two day delay from notice to hearing constitutes a violation of due process. We answer in the affirmative for the following reasons.
 {¶ 14} R.C. 119.07 governs notice of hearing and states in pertinent part the following:
 {¶ 15} "Whenever a party requests a hearing in accordance with this section and section 119.06 of the Revised Code, the agency shall immediately set the date, time, and place for the hearing and forthwith notify the party thereof. The date set for the hearing shall be within fifteen days, but not earlier than seven days, after the party has requested a hearing, unless otherwise agreed to by both the agency and the party."
{¶ 16} We have previously found that the use of the word "shall" places a mandatory duty upon the agency. Kizer v. McCullion (December 9, 1991), Richland App. No. CA 2867. Ohio Adm. Code 4501:1-3-15 employs the same mandatory language and states in pertinent part the following:
 {¶ 17} "If requested by the license holder in writing, within thirty days after mailing of the `Notice of Opportunity for Hearing', the board must set the date, time and place of hearing, and immediately notify the license holder. The date for such hearing shall be within seven to fifteen days after the party has requested a hearing."
 {¶ 18} When interpreting the "unless otherwise agreed to" language, courts look to the reasonableness of the continuance. We are all aware that in a large metropolitan state such as Ohio, appointed board members are residents of various counties that could be a distance from the capital. As such, the fifteen day rule can be expanded to meet the difficulties of traveling and scheduling regarding basic voluntary positions.
 {¶ 19} Mitigating against the reasonableness of the five hundred sixty-two day delay is the obvious desire of the agency to get a good citation against appellee, as evidenced by the amended notice of June 8, 2001 wherein additional violations were included to bootstrap the original citation. An internal agency memoranda dated February 5, 2000 acknowledged the delay in hearing and ordered a reinspection to charge appellee with "up-to-date violations before we bring the dealer before the Board, better strengthening our case." See, Exhibit 13.
 {¶ 20} Appellant adopts the "so what" defense to the delay because no suspension was in effect and no administrative action was taken. Although this is true, we are loath to find that such a delay of such proportions is not prejudicial. Appellee had the stigma of an ongoing citation and had no means to pursue expeditious vindication. Even the criminal process recognizes a grand jury cannot continue its investigation beyond its term.
 {¶ 21} Appellant was mandated to set the hearing timely and by its own admission, controlled its own agenda. We cannot sit idly by and permit the powers of state government to deny a person or corporation a fair and expeditious adjudication of an issue.
 {¶ 22} Assignments of Error I and II are denied.
 {¶ 23} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
topic: lengthy delay between notice of citations and hearing date.